UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:21-cr-5-TAV-DCP-8 ) |
| MEGHAN M. WILLIAMS, | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court is defendant's pro se motion for early termination of supervised release [Doc. 795]. On August 4, 2021, defendant pleaded guilty to the lesser-included offense of Count One of the superseding indictment charging her with conspiracy to distribute fentanyl and cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) [Docs. 131, 142]. On August 22, 2022, the Court sentenced defendant to time served and a three-year term of supervised release [Doc. 498].

On June 21, 2024, defendant filed a motion asking the Court to prematurely terminate her term of supervised release [Doc. 795]. In support of her request, defendant submits that she satisfies all the criteria for early termination [*Id.* at 3, 5]. She reports that she has maintained full-time employment working as a legal assistant [*Id.* at 4]. She notes that she has a 13-year-old son and a 91-year-old father who reside with her and rely on her for daily assistance [*Id.*]. She claims that terminating her term of supervision would enable her to provide better financial support for her family and seek out employment opportunities outside of this district [*Id.*]. She believes she could be successful in a more

lucrative profession if she were not subject to the travel restrictions imposed by her term of supervision or if she could reside in a different state [*Id.* at 9]. She also notes that the travel restrictions imposed on her have been burdensome to her son [*Id.* at 4–5, 9]. Finally, she attaches letters in support from her father and son who speak to her character [*Id.* at 10–11].

The United States Probation Office (the "USPO") states defendant has completed 22 months of her 3-year term of supervised release. The USPO observes that defendant's criminal history primarily consists of theft and shoplifting charges and notes that an assault charge against her was dismissed. The USPO further states that she has maintained suitable employment, passed all of her drug screens, and complied with all other conditions of supervised release, including participating in mental health counseling. The USPO observes that such counseling appears to have had a positive effect on defendant. As a result, the USPO states that it does not have any objection to defendant's request for early termination of supervised release. The government responds that based on a review of defendant's file and the opinion of the USPO, it also does not oppose defendant's request for early termination of supervised release.

Title 18, § 3583(e)(1) of the United States Code provides as follows:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is

>     warranted by the conduct of the defendant released and the
>     interest of justice.

18 U.S.C. § 3583(e)(1). "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. Laughton*, 658 F. Supp. 3d 540, 544 (E.D. Mich. 2023) (internal quotation marks and alterations omitted). Indeed "[i]f 'unblemished' postrelease conduct warranted termination of supervised release, then the exception would swallow the rule, i.e., diligent service of the full period of supervised release imposed at sentencing." *Id.* (internal quotation marks omitted).

After carefully considering the requirements of the statute, the Court finds that the relevant provisions of 18 U.S.C. § 3553(a) do not support early termination of defendant's supervised release at this time. As an initial matter, the Court recognizes the stability that defendant has achieved during her term of supervision. However, defendant's request for early termination is largely based on her compliance with the conditions of her supervised release. Such conduct is expected of defendants on supervised release, and defendant has not otherwise demonstrated that terminating her supervised release is warranted by his conduct or is in the interest of justice at this time. While defendant generally alleges that terminating her term of supervision would allow her to pursue more lucrative professional opportunities, she has provided sufficient concrete details supporting this claim. Moreover,

3

it appears that defendant may continue to benefit from continuing mental health counseling pursuant to her supervisory term.

Accordingly, the Court is not "satisfied that [early termination] is warranted by the conduct of the defendant released and the interest of justice," 18 U.S.C. § 3583(e)(1), and hereby **DENIES** defendant's motion [Doc. 795].

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE